```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CONTRACTO LTD.,

                        Plaintiff,                    **ORDER**
                                                      CV 12-1930(JS)(ARL)
        -against-

FAST SEARCH & TRANSFER
INTERNATIONAL, AS, and FAST
SEARCH & TRANSFER, INC.,

                        Defendant(s).
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is defendants Fast Search & Transfer International, AS and Fast Search & Transfer, Inc.'s ("defendants") letter motion dated July 3, 2012 pursuant to Fed. R. Civ. P. 26(c) for a stay of discovery pending the resolution of defendants' motion to dismiss the Second Amended Complaint (the "Complaint"). Plaintiff Contracto Ltd. ("plaintiff") has not filed a response to the application. For the reasons set forth below, defendants' motion is granted.

"A party seeking a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) bears the burden of demonstrating good cause." *Fantastic Graphics Inc. v. Hutchinson*, No. 09-CV-2514(LDW)(ETB), 2010 WL 475309, at *3 (E.D.N.Y. Feb. 8, 2010) (citation omitted). The mere filing a dispositive motion, however, even if the motion "attack[s] the jurisdiction of the district court, does not warrant the issuance of a stay under Rule 26(c)." *United States v. County of Nassau*, 188 F.R.D.187, 188 (E.D.N.Y. 1999). "Although not expressly authorized by statute or rule, . . . the federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order." *Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). In determining whether to grant a stay of discovery, the court must look to the "particular circumstances and posture of each case." *Id.* "To determine whether a stay discovery is appropriate in such a situation, courts consider the following factors: (1) whether the defendants have made a strong showing that the plaintiff's claim is not meritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the plaintiff." *Richards v. North Shore Long Island Jewish Health Sys.*, No. CV 10-4544 (LDW)(ETB), 2011 WL 4407518, at *1 (E.D.N.Y. Sept. 21, 2011). Courts may also take into account "the type of [dispositive] motion and whether it is a challenge as a 'matter of law' or to the 'sufficiency' of the allegations; 'the nature and complexity of the action; . . . whether some or all of the defendants join in the request for a stay; [and] the posture or stage of the litigation." *Hutchinson*, 2010 WL 475309, at *3 (citation omitted).

Here, all defendants have joined in the request and raise substantial issues with regard to the viability of plaintiff's Complaint. In particular, defendants have made an adequate showing that the plaintiffs claims against them are potentially without merit. The Complaint asserts six

causes of action for breach of contract, quasi-contract and tort based on defendants' alleged failure to pay plaintiff a "referral fee" under a written Referral Agreement, dated November 20, 2009. (Second Am. Compl., ¶¶ 34-69.) The Referral Agreement contains a one-year contractual limitations period for all claims "regardless of form, arising out of the transactions of this Agreement." (*Id.*, Ex. A ¶ 9(ii).) On February 3, 2009, plaintiffs sent defendants an invoice which required them to pay plaintiff the referral fee within 28 days of receiving the notice. (Defs. Mot. to Dismiss, at 5, 13-14; *Tyman Decl.*, dated July 2, 2012, ¶¶ 13-17, Ex. 4.) Defendants allegedly failed to pay within the requisite time period, viz. on or before March 3, 2009. (*Id.* at 13-14.) As plaintiff commenced this action on March 16, 2012, over three years from the alleged breach, the claims against defendants appear time-barred. In addition, the Complaint appears to fail to state a claim against defendant Fast Search & Transfer, Inc. as it was not a signatory or party to the Referral Agreement. (*Id.* at 15-16.)

Further, given the parties entered into the Referral Agreement over ten years ago, the breadth of discovery may be extensive and the parties will necessarily incur substantial expenses if and/or when discovery is conducted. In not responding to this application, plaintiff has failed to demonstrate that a stay of discovery, for the purposes of avoiding such expenses during the pendency of the motion to dismiss, would be unfairly prejudicial. *See County of Nassau*, 188 F.R.D. at 188-89 (granting a stay of discovery during the pendency of a motion to dismiss where the "interests of fairness, economy, and efficiency . . . favor[ed] the issuance of a stay of discovery," and where the plaintiff failed to claim prejudice in the event of a stay). Finally, the procedural posture of this action supports a stay given the case is newly filed, no party has served any initial disclosures or discovery demands and therefore a stay would not disrupt the progress of ongoing discovery matter. Accordingly, given defendants have demonstrated good cause, defendants' motion to stay discovery during the pendency of the motion to dismiss is granted.

Dated: Central Islip, New York  **SO ORDERED:**
       July 12, 2012

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge